PELICAN INSURANCE COMPANY V. WILKERSON.

Decided June 7, 1890.

1.   *Fire insurance—Loss of inventory—Secondary proof.*

Where a condition in a policy of fire insurance provided that the assured should keep and produce an inventory of his goods, and that, in the event of failure to produce the same, the policy should be void, and where it has been shown that the inventory was lost without his fault or negligence after he had produced it to the insurer's agent authorized to adjust the loss, it is competent for him to prove the extent of his loss by other legal testimony.

2.   *Fire insurance policy—Failure of assured to keep books.*

Where the assured failed to comply with a condition in a policy of fire insurance that he should "keep a set of books showing a record of all business transacted, including purchases and sales for cash and on credit," he is not entitled to recover.

APPEAL from *Craighead* Circuit Court, Jonesboro District.

J. E. RIDDICK, Judge.

*E. F. Brown* for appellant.

1. The "iron safe clause" was a warranty, and not merely a representation, and must be strictly complied with, or the policy is void. Wood on Ins., secs. 192, 179, 190; May on Ins., 1 and 2, secs. 156, 183, 179, 157, 184.

Warranties must be true, whether material or not, *ubi supra*.

2. The assured did not comply with said clause. He did not keep such a record of his business as the clause required. Appellee was not only required to keep the last inventory till the fire and presentation to the adjuster, but was required to keep and present same when called for by the company till the losses were ascertained and settlement made, because it is a material feature of the contract furnishing the best evidence of the extent of the loss and measure of appellant's liability. 1 Wood on Ins., p. 523.

Parol evidence of the contents of the original purchase bills was not admissible without a proper showing, which was not made in this case. Wood, sec. 449.

The books kept did not show all business transacted, etc., nor were they even intelligible, and this avoids the policy.

*J. C. Hawthorne* for appellee.

It was not necessary for appellee to produce in court the last inventory and invoices and his books. They were presented to the adjuster, and he refused to pay, solely upon the ground that appellee Wilkerson had burned his own house, which in law was a waiver of the conditions requiring proof of loss to be made. Wood on Ins., 982, note 1; 30 N. W. Rep., 585.

Appellant having waived the production of the preliminary proof, by allowing appellee, without objection, to prove the loss and extent of damages, could not require it

upon the trial. May on Ins., sec. 472; 50 N. Y., 657; 14 Wis., 318.

2. The evidence was sufficient to sustain the verdict. The loss was admitted—the proof showed the goods to be worth $1,800.00 and from the books kept an accountant could ascertain the stock on hand at the date of the fire. The books, inventories, etc., were submitted to a jury, and they found for appellee, and their verdict should not be disturbed.

HUGHES, J. Appellee insured in the appellant company a stock of goods for $1,000.00, which was destroyed by fire, and he brought suit against the company alleging that he kept and performed all the requirements and conditions of the policy of insurance by said company issued to him. The answer admits the first paragraph in said complaint, but denies that appellee had kept, observed and performed all the requirements and conditions contained in said policy; and alleged specifically that it was a condition in said policy, in the "iron safe clause," that the assured should keep a set of books showing a record of all business transacted, including purchases and sales for cash and on credit, together with the last inventory taken of said business, and keep said books and inventory locked in a fire-proof safe at night, and, at all times when the store was open for business, in some secure place not exposed to fire which would destroy the storehouse or house of business; and should produce such books and inventory, and, in the event of failure to produce the same, the policy should be void; and appellant denied that he had performed this condition in said policy of insurance.

The policy bore date November 9, 1887, and continued for one year. The fire occurred May 25, 1888. Appellee took inventories of his stock in November and December, 1887, and one in April, 1888, and exhibited them to the adjuster of the company ten days after the fire, and they were afterwards lost. These were not produced at the trial, but their contents were proven by oral testimony.

1. Fire insurance — Loss of inventory— Secondary proof.    Appellant contends that appellee was not only required to keep the last inventory till the fire and presentation of the same to the adjuster, but was required to keep and present the same when called for by the company till losses were ascertained and settlement made, because it is a material feature of the contract furnishing the best evidence of the extent of the loss and measure of appellant's liability.

. Upon this phase of the case, the court gave the following instruction: "If the plaintiff kept the books and inventory as required by 'iron safe clause' in policy, and after the fire produced them to the agent of defendant's company authorized to settle losses, and since that time either of said books or inventory has been lost or destroyed without the fault or negligence of plaintiff, the failure to produce said books or inventory in court under such circumstances would not prevent recovery of plaintiff if proof is sufficient in other respects." The appellant contends that this was error.

It was entirely competent for the appellee to satisfy the jury of the extent of his loss by other legal testimony, it having been made to appear that his inventory was lost without his fault or negligence, after he had produced it to the agent of the appellant authorized to adjust the loss. *Mechanics' Fire Ins. Co. v. Nichols*, 1 Harrison (N. J.), 410; *Bumstead v. The Dividend Mutual Ins. Co.*, 2 Kernan (N. Y.), 81. It is unnecessary to the determination of this case, that the objection of appellant to the modification of instruction 8, by the court, should be considered.

2. Failure of assured to keep books.    Did the appellee keep books, or a record "showing all business transacted including purchases and sales for cash and on a credit," as he agreed to do in his contract with the insurance company?

While it may be that, being a country merchant whose system of bookkeeping was known to appellant, he was not required to keep a full set of commercial books, yet it was

his duty to comply with his agreement contained in the policy. This the contract required as a condition upon the performance of which his right of recovery depended. May on Ins., secs. 156-184. The books kept by appellee were not destroyed.

He testified that he kept a credit or sale book, showing all credit sales; that he kept a cotton book showing all cash and goods paid for cotton; that he kept a cash account showing all cash taken in, and kept all bills of purchase showing all goods purchased; that his last inventory was taken on the 1st of April, 1888, and showed the value of stock on hand to be $1,811.00; that he estimated that goods of the value of $1,874.00 were destroyed by the fire. The books and papers were all exhibited to the jury, except some invoices which had been lost. Appellee testified that he kept a merchandise account and a cash account, which are copied in the bill of exceptions, and it appears that at the end of each month he entered the amount of purchases during the month; and that he kept a book in which he entered each day his cash sales, and that at the end of each month he entered the aggregate amount of cash received on his book. We give a specimen of the manner in which the books were kept.

"Page 202, Taylor, Duffy & Co., Memphis, Tenn., 1887. June goods, $855.01, July goods bought, $435.96.

In stock at the 1st of June, 1887, up to April 1, 1888. Page 203. W. Y. M. Wilkerson, 1887, June. To money taken in, $40.00. July, to money taken in, $90.00. Paid Taylor, Duffy & Co., June 10, one bale of cotton that was lost in 1886, $42. September, to money taken in, $40.00," etc.

It is impossible to obtain any correct or satisfactory idea of the amount of goods on hand and destroyed by the fire from this mode of bookkeeping. For aught the books show, goods of the value of four hundred dollars may have been sold for forty dollars, as the items are not given, but only the aggregate amount of sales.

In *Jones v. Mechanics Fire Ins. Co.*, 7 Vroom, 35, the court said: "In cases where the fire has not only consumed the goods insured, but all books and vouchers from which an account could be made, the insured has not been held to do what was vain and impossible, but only to such performance as the nature of the case would admit. In the present case, the plaintiff's books were saved. He had many of the invoices and vouchers for his purchases. * * The names of the persons from whom goods were alleged to have been bought, and the gross amounts, would not enable the insurers to test the accuracy of the account delivered to them. * *

* * A detailed list of the articles lost, where this is practicable, is the intent of the parties, and courts should only relax the requirements, where the nature of the case does not admit of such particularity. *Catlin v. Springfield Fire Ins. Co.*, 1 Sumner, C. C. 434." Wood on Ins., vol. 2, sec. 449; *O'Brien v. Commercial Ins. Co.*, 63 N. Y., 111-113. This appears to be a sound rule, which we approve as applicable to this case.

The appellee, having failed "to keep a set of books showing a record of all business transacted, including purchases and sales for cash and on a credit," as he undertook to do, was not entitled to recover.

The judgment is reversed, and the cause remanded.