## Farmers' Fire Insurance Company v. John W. Bates & Co., for the Use, etc.

1. INSURANCE—*Conditions of the Policy—Promissory Warranties.*— A stipulation in an insurance policy that the assured shall take an inventory at least once a year, and shall keep books of account, correctly detailing purchases and sales of stock, and that a failure to observe such conditions shall work a forfeiture of all claims under the policy, is an express promissory warranty, and the validity of the contract of indemnity depends upon its fulfillment by the assured.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Brown County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

E. A. PERRY, attorney for appellant. In all contracts of insurance, certain statements are made, certain stipulations are entered into, and certain provisions, conditions and by-laws are introduced or referred to, in a more or less explicit manner. As a general rule, if these statements, stipulations, etc., are contained in, or expressly made a part of the policy, they become warranties, and are so denominated in the law of insurance. By a warranty the insured stipulates for the absolute truth of the statement made, and the strict compliance with some promised line of conduct, upon

penalty of forfeiture of his right to recover in case of loss, should the statement prove untrue or the course of conduct promised be unfulfilled. A warranty is an agreement in the nature of a condition precedent, and like that must be strictly complied with. May on Insurance (2d Ed.), 179; Ostrander's Law of Fire Insurance, 316.

Warranties are of two kinds: affirmative, or those which allege the existence at the time of insurance of a particular fact, and void the contract if the allegation be untrue; and promissory, or those which require that something shall be done or omitted after the insurance takes effect, and avoid the contract if the thing to be done or omitted be not done or omitted according to the terms of the warranty. May on Insurance (2d Ed.), 181; Stout v. City Fire Ins. Co., 12 Iowa, 371.

The only question is, has the warranty been kept? There is no room for construction, no latitude, no equity. If the warranty be a statement of facts, it must be literally true; if a stipulation that a certain act shall or shall not be done, it must be literally performed. No particular form of words is necessary to constitute a warranty; any statement or stipulation upon the literal truth or fulfillment of which, in the intention of the parties, the validity of the contract is made to depend, whether appearing as a condition or warranty, or however otherwise, amounts to a warranty. May on Insurance (2d Ed.), 180.

A warranty is part of the contract and must be exactly and literally fulfilled. It is in the nature of a condition precedent, and no inquiry is allowed into the materialty or immateriality of the fact warranted. Loehner v. Home Mut. Ins. Co., 17 Mo. 255.

The stipulation of the policy that " it is expressly stipulated that the assured shall keep books of account correctly detailing purchases and sales of said stock," constitutes an express promissory warranty and must have been literally complied with in order to entitle the assured to recover. Western Assur. Co. v. Altheimer Bros., 23 Ins. Law Journal, 531; Wood on Insurance, Secs. 174, 449; May on Insurance,

Secs. 156, 157; Angell on Insurance, 140; Woods v. Hartford Fire Ins. Co., 13 Conn. 533.

A. HEDRICK and R. E. VANDEVENTER, attorneys for appellee, contended that the law does not favor forfeitures, citing Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Germania Fire Ins. Co. v. Frazier, 22 Ill. App. 327; Rockford Ins. Co. v. Storig, 31 Ill. App. 486. And before a forfeiture can be insisted upon, it must not only appear that the policy or contract declares in express terms that the thing done or omitted is to work a forfeiture and render the entire contract null and void, but the language must be incapable of being otherwise construed, because if, by a fair or reasonable construction of the language employed, it may be construed so as to not work a forfeiture or render the contract void, it must be so construed. Home Life Ins. Co. v. Pierce, 75 Ill. 426; Hartford Ins. Co. v. Walsh, 54 Ill. 164.

Policies of insurance, being mere contracts, must be construed by same rules of law applicable to other contracts, and the company have adopted such language as it deemed best suited to convey its meaning; the same must (by the well known and reasonable rule of construction) be construed most strongly against it and most favorably for the appellee in case of doubt or uncertainty. Niagara Fire Ins. Co. v. Scammon, 100 Ill. 645.

The provision under consideration, if enlarged by construction so as to mean that the policy would be void if cash sales were not also kept account of in the books of appellee, would be contrary to the cases of Germania Fire Ins. Co. v. Frazier, 22 Ill. App. 327; Home Life Ins. Co. v. Pierce, 75 Ill. 426; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164 and 165. Liberal intendments and enlarged constructions will not be indulged in favor of forfeitures. Aurora Fire Ins. Co. v. Eddy, 45 Ill. 213; Rockford Ins. Co. v. Storig, 31 Ill. App. 486.

They must be strictly construed. German Ins. Co. v. Miller, 39 Ill. App. 633 and 639.

Conditions in policies printed in smallest type are but traps when attention is not called to them. Reaper City Ins. Co. v. Jones, 62 Ill. 460.

Mr. Justice Boggs delivered the opinion of the Court.

The action was assumpsit upon a policy of insurance issued by the appellant company to John W. Bates & Company whereby a stock of dry goods, groceries, clothing, etc., belonging to that firm was insured against loss by fire for the term of one year from May 17, 1893. The property insured was destroyed by fire December 1, 1893. A trial before the court and a jury resulted in a verdict and judgment against the appellant company in the sum of $1,000, to reverse which, this appeal was taken.

The policy contained the following stipulation : " It is expressly stipulated that the insured shall take an inventory at least once a year, and shall keep books of account correctly detailing purchases and sales of their stock, and that failure to observe such conditions shall work a forfeiture of all claim under the policy." It appeared in the evidence, without dispute, that daily sales for cash and upon credit were made from the stock after the policy was issued and also that the books kept by the assured did not contain a detailed account of such sales. Sales made for cash did not appear upon the book. The appellant company asked and the court refused to give the following instruction :

" If the jury find from the evidence in this case that the assured failed to keep a book of account of the sales for both credit and cash, if they sold for both credit and cash, then such failure worked a forfeiture of this policy and they should find for the defendant."

The stipulation in the policy hereinbefore set out constituted an express promissory warranty and expressly declared a forfeiture in case of non-compliance. The validity of the contract of indemnity depended upon its fulfillment by the assured.

The effect of the stipulation was to make void the policy if its requirements were not observed. 11 Amer. & Eng. Ency. of Law, p. 290, 291, 292; Biddle on Insurance, Secs. 557, 566; Wood on Insurance, Secs. 174, 449; May on Insurance, Secs. 156, 157, 186; Pelican Ins. Co. v. Wilkerson, 53 Ark. 353. It was error to refuse the instruction.

The judgment must be reversed and the cause remanded.