## German Insurance Company v. John W. Bates & Co., for use, etc.

1.   INSURANCE—*Conditions of the Policy—Keeping Books.*—A condition in a policy of insurance that the insured should keep a set of books showing the record of his business, including purchases and sales, both for cash and upon credit, and providing that the policy should be void unless such books are kept, is not complied with by the keeping of a day-book and ledger, by the assured, in which accounts are kept with customers who purchase goods upon credit, although it may have appeared outside of the books from verbal testimony, that the money received by the assured from sales for cash was used to pay for goods purchased, and that the accounts kept with wholesale dealers from whom the purchases were made, would show the amount so paid.

**Assumpsit,** on an insurance policy. Appeal from the Circuit Court of Brown County; the Hon. JEFFERSON ORR, Judge. presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed November 21, 1896.

E. A. PERRY, attorney for appellant.

R. E. VANDEVENTER and A. HEDRICK, attorneys for appellees.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

This case was before us at a former term.  (Same v. Same, 60 Ill. App. '39.)   We then reversed a judgment in the sum of $990 against the appellant company, upon the sole ground the appellees had not complied with a provision in the policy which required that they should keep a set of books showing the record of their business, including purchases and sales, both for cash and credit, and providing the policy should be void unless such accounts were kept.

The case has been again tried and a judgment in the sum of $700 rendered against the appellant company, and it has again appealed.

It is now contended that upon the last hearing it appeared from the evidence the appellees had complied with the provision.

The books of account kept by the firm, a day-book and ledger, were introduced.

It is not insisted these books contained a record kept for the purpose of showing the amount of sales of goods, made from the insured stock, either for cash or upon credit, but it is urged, accounts kept with customers who purchased upon credit and which appear upon the books, furnish a basis upon which the sales, not for cash, can be ascertained.

No cash book or cash account or account of sales for cash was kept, but counsel insist it appeared outside the books, from verbal testimony, the money received from sales for cash was used to pay for goods purchased and the accounts kept with wholesale dealers from whom such purchases were made would show the amount so paid.   Hence it is argued the amounts sold for cash may be ascertained from the books.

We think not.   If ascertained at all it must be from the verbal testimony.   Moreover, the verbal testimony does not show that the cash received for goods sold was all applied to the purchase of new goods.   The witness relied upon by appellants upon that point was a member of the appellee firm, and he admitted he used some money, taken in for

goods, in defraying his family expenses, that his partner did likewise and that some of such money was used for paying freight and express charges and for fuel and lights and clerk hire, etc.

It does not appear from this record the assured kept books of account as required by their undertaking as expressed in their contract of insurance.

We have no power to change the rules of law applicable to the right of recovery in such state of case. The judgment must be reversed and the cause will not be remanded.

Order for finding of facts.

The clerk will incorporate in the judgment the following finding of facts:

The court finds the appellee did not keep a set of books detailing purchases and sales of their stock of goods upon which they seek to recover insurance in the case, as they were required to do by the policy of insurance upon which the suit was brought.