ARKANSAS INSURANCE COMPANY *v.* LUTHER.

Opinion delivered April 6, 1908.

INSURANCE—IRON-SAFE CLAUSE—SUFFICIENCY OF INVENTORY.—The iron-safe clause requiring the insured, a merchant, to keep the last inventory of his goods taken before the issuance of the policy in a fire-proof safe, and to deliver the same to the company for examination after a fire, is not complied with by producing a summary from the original inventory showing merely the total valuation of each class of goods inventoried.

Appeal from Baxter Circuit Court; *John W. Meeks,* Judge; reversed.

STATEMENT BY THE COURT.

This is an action to recover upon a fire insurance policy, dated November 1, 1905, in the sum of $1,500, issued to the plaintiff on his stock of merchandise, store furniture and fixtures, valued at $2,500.

The defendant set up as a defense a violation of the iron-safe clause of the policy. It was stated that plaintiff had agreed to keep his books and inventory, as well as the last inventory taken before the issuance of the policy, in a fire-proof safe, and to deliver the same to the company for examination after a fire.

The testimony adduced by the plaintiff shows that a complete inventory of his stock was taken on August 1, 1905. That the policy was dated November 1, 1905, and that the fire occurred January 8, 1905. That the inventory was destroyed by the fire. That at the trial plaintiff produced a linen back book, in which he had set down in lump the different classes of goods he had on hand on August 1, 1905, as follows:

| | |
|---|---:|
| Dry goods and notions | $ 525.00 |
| Clothing and gent's furnishings | 250.00 |
| Hats and caps | 50.00 |
| Shoes | 600.00 |
| Hardware, harness, etc. | 200.00 |
| Queensware and glassware | 75.00 |
| Drugs and patent medicines | 125.00 |
| Groceries and tobacco | 300.00 |
| Tinware and graniteware | 20.00 |

$2,155.00

That defendant asked him for his inventory, and that he replied that it had been destroyed by the fire.

The insurance policy was read to the jury. The defendant asked for a peremptory instruction, which was refused. There was a verdict and judgment for plaintiff. Defendant has appealed.

*C. S. Collins,* for appellant.

The court erred in refusing the second instruction requested by the defendant to the effect that, the itemized inventory not having been produced to the adjuster or at the trial, but only lump sums of the different classes of goods, they should find for the defendant. 82 Ark. 476. Where there has been no compliance at all, there can be no substantial compliance. 61 S. W. 962; 77 S. W. 424.

*L. E. Hinton,* for appellee.

The application shows under the heading of "books and invoices" that appellee notified appellant that he kept no cash nor credit sales book, and did not contract to keep either. He produces the substance of the things contracted for by him.

HART, J., (after stating the facts.)   It is admitted that the original inventory was destroyed by the fire, but it is claimed that the totals of each class of goods taken from that inventory and placed in the linen back book, as set out in the statement of facts, is a sufficient compliance with the iron-safe clause of a standard policy. We do not think so. The principle announced in the case of *Arkansas Mutual Fire Ins. Co.* v. *Woolverton,* 82 Ark. 476, is decisive of the question. In that case an inventory, properly itemized, was preserved until after the fire, and was exhibited to the adjuster of the insurance company. Two or three sheets of the inventory were lost after the fire, but these lost sheets did not materially affect the amount. The court held that this was a substantial compliance with the statute in regard to the terms, conditons and warranties of fire insurance policies on personal property. The court, in discussing the subject, said: "The summary entered upon the ledger was not, of itself, a sufficient compliance with the terms of the policy."

In the present case no inventory was preserved except the summary entered upon the linen back ledger, and this was not sufficient to comply with the terms of the policy.

Reversed and remanded.