PLANTERS' FIRE INSURANCE COMPANY *v.* NICHOLS.

Opinion delivered May 6, 1912.

1.  APPEAL AND ERROR—QUESTION REVIEWABLE.—In an action on a policy of fire insurance the defense that the insured failed to furnish the required proofs of loss can not be raised for the first time on appeal. (Page 389.)

2.  INSURANCE—FAILURE TO PROVE LOSS—WAIVER.—Failure of insured to make proof of loss can not be insisted upon in the Supreme Court where no such issue was raised in the pleadings.    (Page 389.)

3.  SAME—KEEPING BOOKS.—A requirement in a policy of fire insurance that the insured should keep an account on his books of his purchases and his cash and credit sales is complied with where he kept an account of his purchases and credit sales, and also on the day of the application counted up the amount of his cash sales since his last inventory, and thereafter kept an account of his cash sales. (Page 390.)

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans*, Judge; affirmed.

*J. W. & J. W. House, Jr.*, for appellant.

1.   Failure to keep a cash account from the date of the inventory, November 21, 1910, to January 1, 1911, and then entering a cash item of $200 was not a substantial compliance with the terms of the policy.   66 Ark. 82; 85 Ark. 579; 96 S. W. 697; 102 S. W. 226; 53 Ark. 357; 7 Vroom 35; 65 Ark. 240; 118 S. W. 1086.

2.   If appellee desired to claim more than the amount mentioned in the proof of loss, on which appellant acted and offered a check in settlement, it was his duty under the proof of loss clause in the policy to furnish an additional proof in compliance therewith.   Furnishing such proof was a condition precedent to recovery.   65 Ark. 54; 76 Ark. 171; 64 Ark. 590.

*Sam R. Chew*, for appellee.

There was a substantial compliance with the iron-safe clause, and that is all the law requires.   Kirby's Digest, § 4375a; 58 Ark. 574; 54 Ark. 376; 65 Ark. 240; 82 Ark. 480; 81 Ark. 94; 94 Ark. 234; 79 Ark. 164; *Id.* 269.   Whether or not there was a substantial compliance was a question for the jury.   81 Ark. 162; 85 Ark. 36.

McCULLOCH, C. J.   This is an action instituted by appellee against appellant on a fire insurance policy for the sum of a thousand dollars, issued by the company on appellee's stock of goods.   Appellee was a country merchant, and the policy was issued on January 23, 1911, and the fire occurred on June 6, 1911, the stock of goods being totally destroyed.   He had concurrent insurance in another company in the sum of a thousand dollars, and claims that the stock of goods was of the value of $3,924 at the time of the fire.   He recovered judgment below for the full amount of the policy, and the company appealed.   Shortly after the fire occurred, the insurance adjusters visited the place where appellee lived, and a settlement was negotiated between appellee and each of the companies for the payment of the sum of $599.64.   The adjusters prepared proof of loss, showing amount of stock on hand, and, after deducting one-fourth under what is termed the "three-fourths loss clause," and also after deducting the cash

discount, left the amount of the alleged settlement $566.64, and subsequently the company forwarded to appellee its check for that amount, but appellee returned it in a letter dated July 15, 1911, in which he declined to accept it in satisfaction of the amount due under the policy, but offered to accept same in part payment. It does not appear that the check was ever sent back to him, and this action was instituted on August 8, 1911. The details of that alleged settlement were not gone into very thoroughly in the trial, which was before the court sitting as a jury, though appellee was asked some questions with reference to it, and stated that he did not know anything about the proof of loss, but had signed a paper upon the assurance of the adjusters that they would "treat him right." It seems that he was sick at the time, and a relative of his conferred with the adjusters. It is not insisted here that appellee is bound by that settlement, and appellant's defense was not presented along that line in the lower court, so we need not discuss that feature of the case any further.

It is insisted, however, by learned counsel for appellant that, after appellee's refusal to abide by the alleged settlement and the proof of loss made pursuant thereto, he should have made an additional proof of loss, showing that he was entitled to the amount of the thousand dollars claimed. They argue now that the failure to furnish additional proof of loss was a violation of the terms of the policy, and that no recovery can be had for the additional amount. The difficulty with this contention is that failure to make proof of loss was not pleaded in the answer. There is no reference in the answer to that clause of the policy which required the furnishing of proof of loss as a condition of recovery. It is too late now to raise that question for the first time. If appellant had distinctly raised that question as an issue in the case, the facts could have been developed, and appellee given an opportunity to explain why the additional proof of loss was not furnished. The letter referred to above contains a notation showing that it was replied to by the secretary of the company and may or may not have contained a denial of any further liability. If there had been such a denial, it would have amounted to a waiver of additional proof of loss. At any rate, it is too late to insist on

that question now, when no opportunity was given to develop the facts below.

The only other contention is that there was a violation of the iron-safe clause of the policy, in failing to take an itemized inventory, and keep a set of books. The clauses in the policy on this point read as follows:

"1. The assured shall take a complete itemized inventory of stock on hand at least once each calendar year. Unless such inventory has been taken of the property covered by this policy within twelve calendar months prior to the date thereof, one shall be taken in detail within thirty days after the date thereof or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned."

"2. The assured shall keep a set of books, which shall clearly and plainly present a complete record of business transacted in reference to the property herein mentioned, including all purchases, sales and shipments, both for cash and credit, from the date of the inventory provided for in the preceding section and during the life of this policy, or this policy shall be null and void."

According to the testimony, appellee took a complete inventory on November 21, 1910, and kept an account on his books of the purchases and credit sales, but did not keep an account of his cash sales. On the date he made application for the policy, he counted up the amount of his cash sales, which appeared to have aggregated the sum of $200, and he then entered it upon his books, and he thereafter kept an account of his cash sales as well as his credit sales. The contention of counsel is that, because an itemized account of the cash sales was not kept from the date of the inventory up to the date of the policy, it amounted to no inventory at all, and that that feature of the policy requiring the inventory within thirty days was applicable. We can not agree to this contention. The statutes of this State provide that in all actions against fire insurance companies on account of loss under policies "proof of substantial compliance with the terms, conditions and warranties of such policy, upon the part of the assured, or party, individual, person or corporation to whom it may have been issued, or their assigns, shall be deemed suffi-

cient, and entitle the plaintiff to recover in any such action."
Kirby's Digest, §4375a.

We are of the opinion that the inventory taken prior to
the date of the policy, in connection with the entries made
on the books, was a substantial and sufficient compliance
with the terms of the policy. The method of bookkeeping
shown to have been followed by appellee was to some extent
crude, but it was in accordance with the methods adopted
by country merchants, and was, we think, sufficient to enable
the insurer to determine the amount of loss and amounted to
substantial compliance with the terms of the policy. *Arkansas
Mutual Fire Ins. Co.* v. *Woolverton,* 82 Ark. 476; *Arkansas
Mutual Fire Ins, Co.* v. *Stuckey,* 85 Ark. 33; *Queen of Ark.
Ins. Co.* v. *Forlines,* 94 Ark. 227.

These are the only questions discussed by counsel for
appellant in their brief, and we are of the opinion that neither
of the assaults upon the correctness of the judgment below
can be sustained.

The judgment is therefore affirmed.

